EMILIO M. GARZA, Circuit Judge,
with whom EDITH H. JONES and JERRY E. SMITH, Circuit Judges, joins, specially concurring:
I concur in the excellent opinion of Judge Higginbotham. I write separately to clarify that my concurrence should not be construed as an acceptance of the holding of Doe v. Taylor Independent School District, 15 F.3d 443 (5th Cir.) (en banc), cert. denied, 513 U.S. 815, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994), that rape or sexual abuse is a violation of the right to bodily integrity under the Fourteenth Amendment.
As I explained in my dissent to the panel opinion, Doe v. Hillsboro Independent School District, 81 F.3d 1395, 1408 n. 2 (5th Cir. 1996) (Garza, J., dissenting), though I am bound by Fifth Circuit precedent,[1] the Supreme Court has yet to rule on whether the right to bodily integrity includes the right to *1419 be free from rape or sexual abuse. See Planned Parenthood v. Casey, 505 U.S. 833, 849, 112 S.Ct. 2791, 2806, 120 L.Ed.2d 674 (1992) (citing cases defining contours of substantive due process right to bodily integrity, including cases involving abortion, contraception, marriage and procreation). Taylor troubles me because we failed to heed the Supreme Court’s admonition, stated on several occasions, that it “has always been reluctant to expand the concept of substantive due process because the guideposts for reasonable decisionmaking in this unchartered area are scarce and open-ended.” Collins v. City of Harker Heights, Tex., 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992); see also Albright v. Oliver, 510 U.S. 266, 271-72, 114 S.Ct. 807, 812, 127 L.Ed.2d 114 (1994) (quoting Collins, 503 U.S. at 125, 112 S.Ct. at 1068).
Recently, the Sixth Circuit, sitting en banc, commented on our conclusion that the right to bodily integrity includes the right to be free from sexual assault. The court stated:
All of these civil decisions, rather than pointing to precedent establishing the right, make assertions such as: “surely the Constitution protects a schoolchild from physical abuse ... by a public schoolteacher,” Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 451 (5th Cir.1994) (en banc); or “the notion that individuals have a fundamental substantive due process right to bodily integrity is beyond debate,” Walton v. Alexander, 44 F.3d 1297, 1306 (5th Cir. 1995) (Parker, J., concurring). These broad statements are not supported by precedent indicating that a general constitutional right to be free from sexual assault is part of a more abstract general right to “bodily integrity.”
United States v. Lanier, 73 F.3d 1380, 1388 (6th Cir.1996) (en banc) (concluding that “sexual assaults may not be prosecuted as violations of a constitutional substantive due process right to bodily integrity” under 18 U.S.C. § 242), vacated, — U.S. -, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). Since the Supreme Court held in Lanier that the court of appeals applied an incorrect standard in determining whether prior judicial decisions gave fair warning that Lanier’s actions violated constitutional rights and remanded the case for application of the proper standard, we will have to wait for another day for guidance from the Court in this area.

. Only one other circuit has definitively held that the substantive due process right to bodily integrity includes the right to be free from rape or sexual abuse. See Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 727 (3d Cir.1989) ("[A] student's right to bodily integrity, under the Due Process Clause, [encompasses] a student's right to be free from sexual assaults by his or her teachers.”), cert. denied, 493 U.S. 1044, 110 S.Ct. 840, 107 L.Ed.2d 835 (1990); cf. Doe By and Through Doe v. Petaluma City Sch. Dist., 54 F.3d 1447, 1451 (9th Cir.1995) (citing Taylor, 15 F.3d 443, with approval but as inapplicable to the case before the court).